IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| v. | | Case No.: GJH-17-1588 |
| | * | |
| **CLYDE WHITE, JR.,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff United States of America brought this action against Defendant Clyde White, Jr. pursuant to 28 U.S.C. § 1345 and the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.* to recover overpayment of Social Security Administration ("SSA") disability benefits. ECF No. 1. Following Defendant's failure to answer or otherwise defend in this action, the Clerk of the Court entered default against Defendant on September 3, 2019. ECF No. 6. Now pending before the Court is the United States' Motion for Default Judgment. ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion for Default Judgment is granted.

**I.   BACKGROUND**

   **A.  Statutory Framework**

The Act provides that individuals with disabilities who do not engage in substantial gainful employment ("SGA") are entitled to receive disability benefits. 42 U.S.C. §§ 423(a), (d)(1)(A), (e). "Disability" is defined as "the inability to do [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

1

has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). To meet this definition, a beneficiary must have a "severe impairment(s)," making him unable to perform SGA "that exists in the national economy." *Id.* SGA "[i]nvolves doing significant and productive physical or mental duties" and "is done (or intended) for pay or profit." *Id.* § 404.1510. Work may be SGA "even if it is done on a part-time basis." *Id.* § 404.1572(a).

A beneficiary may work and still receive benefits under certain circumstances. For example, a beneficiary may test his ability to work during a trial work period ("TWP"). *Id.* § 404.1592. During a TWP, the beneficiary may perform services, meaning any activity that is done in employment or self-employment for pay or profit, over a nine-month period, regardless of whether those nine months are consecutive. 42 U.S.C. § 422(c)(4); 20 C.F.R. § 404.1592(a). During a TWP, a beneficiary is still entitled to receive benefits notwithstanding his earnings. 42 U.S.C. § 422(c)(2). Applicable regulations provide, however, that "[t]he first time [a beneficiary] work[s] after the end of [the] trial work period *and* engage[s] in [SGA], [the SSA] will find that [the beneficiary's] disability ceased." 20 C.F.R. § 404.1592a(a)(1).

### B. Factual Background

Defendant applied for disability benefits in August 2000. ECF No. 1 ¶ 12. By signing his application, Defendant agreed that he had a duty to notify SSA if he returned to work as an employee or a self-employed person. *Id.* ¶¶ 13, 14. In September 2000, SSA sent Defendant a Notice of Award, which indicated a date of established disability of September 1, 2000. *Id.* ¶ 17. The Notice of Award included a pamphlet titled "What You Need to Know When You Get Disability Benefits," which advised Defendant that he would need to promptly report any changes that could affect his disability benefits. *Id.* ¶¶ 19, 20.

Defendant began receiving disability benefits in September 2000. *Id.* ¶ 21. In August 2003, Defendant began his TWP, and he worked for a total of nine months between August 2003 and August 2006. *Id.* ¶ 22. His work during this period qualified as SGA. *Id.* Once the TWP ended, Defendant became eligible for a thirty-six-month extended eligibility period during which he was eligible to receive disability benefits for any month in which his work activity was no longer SGA, so long as he still qualified as an individual with a disability. *Id.* ¶ 23. The extended eligibility period ran from September 2006 until Defendant's disability ended in May 2008. *Id.*

In January 2006, Defendant began employment with two different employers, Syracuse University and Peak Systems Inc. *Id.* ¶ 24. He continued his employment with Syracuse University until September 2009 and his employment with Peak Systems Inc. until September 2010. *Id.* His worked qualified as SGA from May 2009 through August 2009, and from July 2010 onwards. *Id.* ¶ 25. Defendant continued to receive disability benefits until June 2011, when SSA terminated the benefits. *Id.* ¶ 26.

## II.   STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Int'l., Inc. v. Savannah Shakti Carp.*, No. DKC–11–0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted

because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422. Thus, the court first determines whether the unchallenged factual allegations constitute a legitimate cause of action. *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). In determining whether the factual allegations constitute a legitimate cause of action, courts typically apply the *Iqbal/Twombly* pleading standard. *See Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011) (finding *Iqbal* "relevant to the default judgment inquiry"). Under that standard, a complaint fails to state a claim entitling the pleader to relief if the complaint offers only "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)). As the Fourth Circuit has recognized, "'the court need not accept the legal conclusions drawn from the facts, and [ ] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009) (citation omitted), *cert. denied*, 559 U.S. 992 (2010); *accord Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). Indeed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If liability is established, the court then makes an independent determination of damages. *Agora Fin., LLC*, 725 F. Supp. 2d at 494. Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or

exceed in amount, what is demanded in the pleadings." In entering default judgment, a court cannot, therefore, award additional damages "because the defendant could not reasonably have expected that his damages would exceed th[e] amount [pled in the complaint]." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, No. WDQ–09–3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

**III.  DISCUSSION**

The Act provides, in relevant part, that whenever SSA "finds that more or less than the correct amount of payment has been made to any person" under the Act, "proper adjustment or recovery shall be made." 42 U.S.C. § 404(a)(1). "With respect to payment to a person of more than the correct amount," the SSA "shall require such overpaid person … to refund the amount in excess of the correct amount…" *Id.* § 404(a)(1)(A). Because Defendant has failed to appear or otherwise defend, the Court accepts as true the well-pleaded factual allegations in the Complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Those allegations establish that Defendant engaged in SGA from May 2009 to August 2009 and from July 2010 onwards, but that he nevertheless continued to receive disability benefits until June 2011 when SSA terminated the benefits. Plaintiff is therefore liable for the overpayment of benefits that occurred between May 2009 and August 2009 and between July 2010 and June 2011.

Having established Defendant's liability for overpayment, the Court must next consider the United States' request to recover the full amount of the overpayment, as well as pre- and post-judgment interest. The Certificate of Indebtedness attached to the Complaint shows that Plaintiff received a total of $21,142.10 in disability benefits during the overpayment period, so the United States is entitled to recover that amount. *See* 42 U.S.C. § 404(a)(1)(A). Pursuant to 31 U.S.C. § 3717(a)(1), the United States is also entitled to pre-judgment interest calculated at the legal rate charged at the time the Complaint was filed. In 2017, when the Complaint was filed, the legal rate was one percent per year, *see* 81 F.R. 83,331 (Nov. 21, 2016), so as of the date of this Memorandum Opinion and Order, Defendant owes $633.72 in pre-judgment interest. Finally, pursuant to 28 U.S.C. § 1961(a), the United States is entitled to post-judgment interest, which shall accrue at the legal rate and shall be computed daily and compounded annually until Defendant pays in full. Thus, in total, Defendant is liable for $21,775.82, in addition to any post-judgment interest that shall accrue.

### IV.   CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that:

1. The United States' Motion for Default Judgment, ECF No. 9, is **GRANTED**;

2. The United States is **AWARDED** a total amount of $21,775.82;

3. Defendant **SHALL OWE** post-judgment interest, which shall accrue at the legal rate pursuant to 28 U.S.C. § 1961(a) and shall be computed daily from the date of this Memorandum Opinion and Order and compounded annually until the judgment is satisfied; and

4. The Clerk **SHALL CLOSE** the case.


Date: June    6, 2020                                            /s/_____
                                                                 GEORGE J. HAZEL
                                                                 United States District Judge